# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**VLADIMIR GOROKHOVSKY,**
        **Plaintiff,**

     v.                                             Case No. 06C1120

**MBNA AMERICA BANK NA, and**
**WOLPOFF & ABRAMSON LLP,**
        **Defendants.**

---

## DECISION AND ORDER

      Plaintiff Vladimir Gorokhovsky held a credit card issued by defendant MBNA American Bank NA ("MBNA"). A dispute arose between MBNA and plaintiff concerning plaintiff's failure to make payments on the card, and pursuant to the parties' agreement, MBNA sought arbitration of the dispute in the National Arbitration Forum ("NAF"). MBNA prevailed in the arbitration proceeding.

      Subsequently, plaintiff filed the present action, naming as defendants MBNA and MBNA's debt collector, the firm of Wolpoff & Abramson LLP ("Wolpoff"). Plaintiff alleges that MBNA violated several federal statutes, including the Fair Credit Billing Act and the Fair Credit Reporting Act. I have federal question jurisdiction over these claims. He also brings a supplemental state law claim against MBNA for breach of the covenant of good faith and fair dealing. Plaintiff also seeks a stay of MBNA's arbitration award on the grounds that MBNA and NAF engaged in various conduct that violated state law. Based on 28 U.S.C. § 1367, I also have supplemental jurisdiction over this claim because it is sufficiently related to plaintiff's federal law claims that it forms part of the same case or

controversy. See Baer v. First Options of Chi., Inc., 72 F.3d 1294, 1298 (7th Cir. 1995). Finally, plaintiff alleges that Wolpoff violated the Fair Debt Collection Practices Act, another federal statute. Before me now are defendants' motion to compel arbitration of all of plaintiff's claims and plaintiff's motion to amend his complaint to add a claim of fraud.

Defendants base their motion to compel arbitration on the language in the agreement with plaintiff requiring arbitration of any claim "arising from or relating in any way to this Agreement or any prior Agreement on your account." (Defs.' Mem. of Law in Supp. of Motion to Compel Arbitration Ex. A at 4.) Plaintiff does not dispute the existence of the agreement to arbitrate but argues that the agreement is invalid because it is unconscionable. He contends that the agreement is unconscionable because Wolpoff had a relationship with NAF prior to the formation of the agreement which MBNA knew about and failed to disclose to him.

I apply Wisconsin law to the issue of whether the contract is unconscionable. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Unconscionability can be either procedural or substantive. Procedural unconscionability asks whether there was a genuine and voluntary meeting of the minds between the contracting parties, and substantive unconscionability asks whether the contact is fair and reasonable. Wis. Auto Title Loans, Inc. v. Jones, 290 Wis. 2d 514, 531 (2006). Plaintiff presents insufficient evidence from which a reasonable jury could conclude that the arbitration provision in the present case is unconscionable, either procedurally or substantively. Plaintiff presents no evidence that he did not enter into the agreement voluntarily and no credible evidence that Wolpoff controls the arbitrators who arbitrate under the auspices of the NAF. See Marsh v. First USA Bank N.A., 103 F. Supp. 2d 909 (N.D. Tex. 2000); Miller v. Equifirst Corp., No. 2-00-

0335, 2006 U.S. Dist. LEXIS 63816, at *46-47 (S.D.W.V. Sep. 5, 2006) (both rejecting arguments that NAF is not a neutral arbitration forum). Plaintiff's claim that Wolpoff controls the NAF is based entirely on highly speculative information gleaned from the Internet.

Thus, defendants' motion to compel plaintiff to arbitrate his present claims must be granted, and plaintiff's request to vacate the previous arbitration award must be denied. Further, plaintiff's motion to amend his complaint must be denied because the claim plaintiff seeks to assert is subject to arbitration. Finally, contrary to plaintiff's argument, his claim against Wolpoff is also subject to arbitration because the arbitration agreement covers claims against third parties and expressly includes claims against debt collectors.

Therefore,

**IT IS ORDERED** that defendants' motion to compel arbitration is **GRANTED.**

**IT IS ORDERED** that plaintiff's motion to vacate the previous arbitration award is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend is **DENIED,** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 25 day of June, 2007

/s_____
LYNN ADELMAN
District Judge