# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**VLADIMIR GOROKHOVSKY,**
        **Plaintiff,**

    v.                                                                                      Case No. 06C1120

**MBNA AMERICA BANK NA, and**
**WOLPOFF & ABRAMSON LLP,**
        **Defendants.**

---

## DECISION AND ORDER

      Plaintiff Vladimir Gorokhovsky held a credit card issued by defendant MBNA America Bank NA ("MBNA"). A dispute arose between MBNA and plaintiff concerning plaintiff's failure to make payments on the card, and pursuant to the parties' contractual agreement, MBNA sought arbitration of the dispute in the National Arbitration Forum ("NAF"). MBNA prevailed in the arbitration proceeding

      Subsequently, plaintiff filed this action, naming as defendants MBNA and MBNA's debt collector, the firm of Wolpoff & Abramson LLP ("Wolpoff"). Plaintiff alleges that MBNA violated several federal statutes, including the Fair Credit Billing Act and the Fair Credit Reporting Act. I had federal question jurisdiction over these claims. He also brought a supplemental state law claim against MBNA for breach of the covenant of good faith and fair dealing. Plaintiff also sought to stay and vacate MBNA's arbitration award. I held that all of plaintiff's claims were subject to arbitration, except his challenge to the prior arbitration award which I dismissed as being without merit.

Plaintiff now moves for reconsideration. As to plaintiff's claims which I held were subject to arbitration, I will deny the motion. Plaintiff presents nothing suggesting that his agreement with MBNA to arbitrate is invalid or that his claims against MBNA or MBNA's debt collectors are not within the scope of that agreement. Additionally, he presents no credible evidence that the arbitrator is biased. See Health Services Management Corp. v. Hughes, 975 F.2d 1253, 1264 (7th Cir. 1992); Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 628 (6th Cir. 2002). Plaintiff also fails to show that any of the purported new evidence that he relies on was unavailable to him prior to judgment despite the exercise of due diligence. See Gomez v. Chody, 867 F.2d 395, 405 (7th Cir. 1989). Nor do the conclusory allegations of fraud based on vague references to unnamed witnesses and experts warrant reconsideration. These allegations do not rise to the level of clear and convincing evidence as required for relief under Federal Rule of Civil Procedure 60(b)(3). See Lonsdorf v. Seefeldt, 47 F.3d 893, 897 (7th Cir.1995).

However, I will modify my previous decision in one respect. In my previous order, I dismissed plaintiff's challenge to the previous arbitration award because I concluded that it had no merit. On further reflection, I believe that I should have dismissed that challenge for lack of jurisdiction. I do not have diversity jurisdiction in this case, as the amount in controversy is too small. And plaintiff's challenge to the arbitration award does not raise a federal law question, nor does § 10 of the FAA constitute an independent grant of jurisdiction. See Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1105-06 (7th Cir. 1996). I also do not believe this claim shares the required "common nucleus of operative fact" with the federal claims that were originally part of this action to justify the exercise of supplemental jurisdiction. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725

2

(1966). The claim seeking to vacate the arbitration award involves the arbitrator's conduct and events in the arbitration proceeding, whereas the federal claims involved defendants' conduct outside the arbitration proceeding. Even if supplemental jurisdiction were proper, however, it is discretionary, see Gibbs, 383 U.S. at 726, and 28 U.S.C. § 1367(c)(3) further authorizes a federal court to dismiss pendent claims when it has dismissed all the claims which formed the basis for original jurisdiction. Moreover, the Seventh Circuit has held such action preferable when, as here, the dismissal of the federal claims occurred before trial. Maguire v. Marquette University, 814 F.2d 1213, 1218 (7th Cir. 1987). As such, it would be more appropriate in this matter to decline to exercise continuing supplemental jurisdiction over this single remaining claim seeking to vacate the arbitration award.[1] See 28 U.S.C. § 1367(c)(3); Maguire, 814 F.2d at 1218. See also Minor, 94 F.3d at 1105 (citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983)) (noting that enforcement of the FAA is left in large part to the state courts).

Therefore,

**IT IS ORDERED** that plaintiff's motions for reconsideration are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff's claim seeking stay and vacation of arbitration award is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

---

[1] I also note that the proceedings are still in the early stages of litigation and that the plaintiff effected service on defendants of his motion to vacate on December 5, 2006, thereby tolling the statute of limitations under 9 U.S.C. § 12 with over three weeks remaining in the three month limitations period. Thus, the limitations period has not run here, nor are there other factors weighing against declining to exercise jurisdiction over this claim.

Dated at Milwaukee, Wisconsin this 10 day of March, 2008.

/s
LYNN ADELMAN
District Judge